IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ALESHEA DAVENPORT,**

      **Plaintiff,**

v.

**INTERNATIONAL PAPER CO.,
KC BINDERY, and
WALMART,**

      **Defendants.**

**Case No. 14-cv-2424-DDC-GLR**

## MEMORANDUM AND ORDER

Plaintiff filed this lawsuit pro se on August 26, 2014 (Doc. 1), alleging that defendants International Paper Co., Wal-Mart Stores, Inc. ("Walmart"), and "KC Bindery" discriminated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). This matter comes before the Court on defendant International Paper's Motion to Dismiss (Doc. 11) and defendant Walmart's Motion to Dismiss (Doc. 12). For the following reasons, the Court grants both motions and dismisses this lawsuit in its entirety.

### I. Facts and Procedural Background

This lawsuit is one of five that plaintiff filed pro se in this Court in 2014. *See also Davenport v. Walmart Stores, Inc.*, Case No. 14-2124-JAR-JPO; *Davenport v. KC Bindery and Mailing*, Case No. 14-2196-CM-JPO; *Davenport v. U.S. Dep't of the Treasury Bureau of Fiscal Servs.*, Case No. 14-2527-CM-TJJ; *Davenport v. Soc. Sec. Office*, Case No. 14-2528-JTM-GLR. These cases share similar characteristics. Among other things, the pleadings in each case are sparse and difficult to understand, and plaintiff frequently has failed to respond to motions or

1

court orders.  The Court already has dismissed three of plaintiff's lawsuits.  Still, the Court considers and decides this case on its own merits.

Plaintiff's Title VII, ADA, and ADEA claims allege discrimination occurring from "April 1975 thru May 1995."  Doc. 1 at 2.  She alleges that "[t]he Bosses making you have sex with them to keep the job.  I bid[d]ed for the job to have gas for my house, lights, food, automobile, clothe[s], just a requ[i]re[d] life.  I had been there over 10 years the pay was very sour.  My house no good."  Doc. 1 at 3.  Plaintiff does not identify who the "Bosses" are.  Also, she alleges no particular disability to support her ADA claim, and when the Court's form complaint asked her to explain how defendants denied her request for a disability accommodation, she wrote:  "Get my name out of Cotton Cortez and I have not and will not ever[] be married."  Doc. 1 at 4.  These allegations are representative of those in her Complaint.

Plaintiff sought leave to proceed in forma pauperis, which the Court granted, and the U.S. Marshal's Service served all three defendants in September 2014 (Docs. 7-9).  To date, defendant KC Bindery has not answered plaintiff's lawsuit or filed any responsive motion. Defendants International Paper and Walmart responded to this lawsuit by filing motions to dismiss on October 2, 2014 and October 7, 2014.  Under this Court's Local Rules, plaintiff's responses to defendants' motions were due by October 23, 2014 and October 28, 2014.  D. Kan. Rule 6.1(d)(2) ("Responses to motions to dismiss . . . must be filed and served within 21 days."). Plaintiff did not file responsive briefs by these deadlines, and she still has not responded.  D. Kan. Rule 7.4(b) provides that "[i]f a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the Court will consider and decide the motion . . . ."

While plaintiff did not file briefs responding to the two motions to dismiss, she filed three "Exhibits in Support" (Doc. 14) of her Complaint on October 17, 2014.  This filing contains

copies of three Charges of Discrimination ("KHRC Charges") that she had filed on October 16, 2014 against the three defendants with the Kansas Human Rights Commission ("KHRC").  The KHRC Charges assert that each defendant discriminated against plaintiff based on her race, color, sex, national origin, age, and disability, and that each defendant retaliated against her.  Plaintiff is proceeding pro se, so the Court will consider this filing when evaluating the two motions to dismiss pending here.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (instructing courts to construe pro se pleadings liberally).

Defendants International Paper and Walmart argue that the Court should dismiss this lawsuit under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  According to these defendants, plaintiff fails to prove that she exhausted the administrative remedies on her employment discrimination claims, a prerequisite to bringing suit in the Tenth Circuit.  Alternatively, International Paper and Walmart argue that the Court should dismiss the claims against them under Rule 12(b)(6) for failing to state a claim upon which relief can be granted.

**II. Administrative Remedies under Title VII, the ADA, and the ADEA**

Exhaustion of administrative remedies is a jurisdictional prerequisite to bringing a lawsuit in federal court under Title VII, the ADA, and the ADEA.  *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1310, 1317 (10th Cir. 2005).  "Title VII plaintiffs must clear three procedural hurdles before bringing suit in federal court:  (1) file a discrimination charge with the EEOC, (2) receive a right-to-sue letter from the EEOC, and (3) file suit within ninety days of receiving the letter."  *Kinney v. Blue Dot Servs. of Kan.*, 505 F. App'x 812, 814 (10th Cir. 2012).  Plaintiffs asserting ADA claims must satisfy the same three requirements.  *Shikles*, 426 F.3d at 1309 (holding that the procedural requirements of Title VII and the ADA "must be construed identically").

The exhaustion requirements for ADEA claims differ. *Hodge v. N.Y. Coll. of Podiatric Med.*, 157 F.3d 164, 167-68 (2d Cir. 1998) ("There are important differences between the ADEA and Title VII of the Civil Rights Act of 1964 . . . with regard to prerequisites to bringing suit."). Unlike Title VII and the ADA, the ADEA does not require a plaintiff to receive a right-to-sue letter from the EEOC before filing an ADEA lawsuit in court. Rather, ADEA plaintiffs exhaust their administrative remedies by filing an administrative charge and then waiting at least 60 days before filing suit. *See* 29 U.S.C. § 626(d) ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission."); *see also Hall v. FlightSafety Int'l, Inc.*, 106 F. Supp. 2d 1171, 1183-84 (D. Kan. 2000) (dismissing the plaintiff's ADEA claims because he had filed his amended complaint before 60 days had passed from the day he filed his second charge with the EEOC).

### III. Analysis

Defendants International Paper and Walmart argue that plaintiff fails to demonstrate that she exhausted her administrative remedies for any of her three claims, and therefore the Court lacks subject matter jurisdiction over this lawsuit. "A plaintiff invoking the court's subject matter jurisdiction 'must allege in [her] pleadings the facts essential to show jurisdiction' and, if challenged, must support those allegations by a preponderance of the evidence." *Pretlow v. Garrison*, 420 F. App'x 798, 802 (10th Cir. 2011) (quoting *Celli v. Shoell,* 40 F.3d 324, 327 (10th Cir. 1994) (quotation omitted)); *see also United States v. Spectrum Emergency Care, Inc.,* 190 F.3d 1156, 1160 (10th Cir. 1999). Thus, an employment-discrimination plaintiff must "'plead and show'" exhaustion. *Pretlow,* 420 F. App'x at 802-803 (quoting *Cudjoe v. Indep. Sch. Dist. No. 12,* 297 F.3d 1058, 1063 (10th Cir. 2002)); *see also Greenlee v. U.S. Postal Serv.,*

247 F. App'x. 953, 955 (10th Cir. 2007) (noting exhaustion pleading requirement in connection with several employment claims, including Title VII).  Courts "may not assume that a plaintiff can establish subject matter jurisdiction; it is the plaintiff's burden to prove it." *Kinney*, 505 F. App'x at 814.  "[W]hen considering a Rule 12(b)(1) motion to dismiss, the court may weigh the evidence and make factual findings." *Los Alamos Study Grp. v. U.S. Dep't of Energy*, 692 F.3d 1057, 1063-64 (10th Cir. 2012).

Plaintiff's Complaint makes bare allegations that she exhausted her administrative remedies.  She alleges that she filed charges with the EEOC and the KHRC, that she has received a right-to-sue letter on those claims, and that she waited 60 days after filing her age discrimination charge before bringing this lawsuit.  Defendants challenge these allegations, and plaintiff thus "must support [them] by a preponderance of the evidence." *Pretlow*, 420 F. App'x at 802-03.  The Court has before it just two pieces of evidence that could show that plaintiff exhausted her administrative remedies.  First, in lieu of responsive briefs to the motions to dismiss, plaintiff filed copies of the three KHRC Charges she filed on October 16, 2014.  Second, defendant Walmart attached to its motion to dismiss a charge plaintiff filed with the EEOC (the "EEOC Charge") and a subsequent right-to-sue letter.  Docs. 13-3, 13-4.  Plaintiff filed the Charge on February 4, 2011 and received the right-to-sue letter on March 22, 2011.  The Court discusses both pieces of evidence in turn.

**A. KHRC Charges**

The three October 16, 2014 KHRC Charges assert that each defendant discriminated against plaintiff based on her race, color, sex, national origin, age, and disability, and that each defendant retaliated against her.  The KHRC Charges against Walmart and KC Bindery assert that those defendants discriminated against her from January 1, 2011 to December 31, 2011.  The

KHRC Charge against International Paper states that it discriminated against her from January 1, 1984 to December 31, 1995.

The KHRC Charges fail to show by a preponderance of the evidence that plaintiff exhausted her administrative remedies. Title VII, the ADA, and the ADEA each require a plaintiff to file a charge with the EEOC (or state agency with authority to handle discrimination charges, like the KHRC) *before* filing a lawsuit. *Kinney*, 505 F. App'x at 814 (Title VII); *Shikles*, 426 F.3d at 1309 (ADA); 29 U.S.C. § 626(d) (ADEA); *Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 628 (10th Cir. 2012) (noting that the KHRC has authority over employment discrimination claims). However, plaintiff filed her KHRC Charges on October 16, 2014, well over a month *after* she filed this lawsuit. For this reason alone, the KHRC Charges fail to establish that plaintiff exhausted her administrative remedies, and they cannot serve as a basis for the Court to conclude that subject matter jurisdiction exists over the claims asserted by plaintiff's Complaint.

Also, and even if plaintiff had filed the KHRC Charges before filing this lawsuit, she still would fail to meet her burden to show exhaustion. Title VII and the ADA require plaintiff to show that she received a right-to-sue letter on each charge of discrimination and that she filed suit within 90 days of receiving the right-to-sue letter. *Kinney*, 505 F. App'x at 814 (Title VII); *Shikles*, 426 F.3d at 1309 (ADA). However, plaintiff presents no evidence that she met either requirement. For its part, the ADEA requires a plaintiff to wait 60 days after filing a charge with the EEOC or an authorized state agency before filing a lawsuit on the subject claims. Again, plaintiff filed the KHRC Charges after filing this lawsuit, so they do not show that she waited the required 60 days.

In sum, the Court cannot exercise subject matter jurisdiction over this lawsuit based on plaintiff's October 16, 2014 KHRC Charges because a preponderance of the evidence shows that plaintiff did not exhaust her administrative remedies on these Charges before filing suit. The KHRC Charges are the only evidence that could show that plaintiff exhausted her administrative remedies on her claims against defendants International Paper and KC Bindery—and they show just the opposite. Thus, the Court dismisses International Paper and KC Bindery under Rule 12(b)(1) because it lacks subject matter jurisdiction to consider plaintiff's Title VII, ADA, and ADEA claims against them. The Court realizes that KC Bindery has not answered or otherwise responded to this lawsuit, and the deadline for it to do so has long passed. However, the Court cannot reach the merits of plaintiff's claims against KC Bindery unless it possesses subject matter jurisdiction. And the Court concludes that it lacks subject matter jurisdiction, so it dismisses KC Bindery even though it has not responded. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

    **B.  2011 EEOC Charge and Right-to-Sue Letter**

As part of its motion to dismiss, defendant Walmart attaches (1) an EEOC Charge plaintiff filed against it on February 11, 2011, and (2) the right-to-sue letter the EEOC issued on this EEOC Charge on March 22, 2011. Docs. 13-3, 13-4. The 2011 EEOC Charge asserts discrimination under Title VII, the ADA, and the ADEA, and it served as the basis for another lawsuit plaintiff filed with this Court. *Davenport v. Walmart Stores, Inc.*, Case No. 14-2124-JAR-JPO. In this suit, Judge Robinson concluded that the 2011 EEOC Charge and accompanying right-to-sue letter failed to show that plaintiff had exhausted her administrative remedies, and thus she dismissed the lawsuit. Case No. 14-2124, Docs. 15, 17. The Court also

concludes that the 2011 EEOC Charge and right-to-sue letter fail to show facts necessary for this lawsuit to proceed.

First, the Court cannot exercise subject matter jurisdiction over the Title VII and ADA claims in this lawsuit based on the 2011 EEOC Charge because it fails to show that plaintiff exhausted her administrative remedies.  The third exhaustion requirement under Title VII and the ADA is that a plaintiff must file her lawsuit on a particular charge of discrimination within 90 days of receiving the right-to-sue letter.  *Kinney*, 505 F. App'x at 814 (Title VII); *Shikles*, 426 F.3d at 1309 (ADA).  Plaintiff received the right-to-sue letter on her 2011 EEOC Charge on March 22, 2011.  She filed this lawsuit on August 26, 2014, more than three years later.  Thus, the 2011 EEOC Charge cannot provide a basis for subject matter jurisdiction on plaintiff's Title VII and ADA claims against Walmart because she did not exhaust her administrative remedies within the deadline imposed by those acts.

Second, the 2011 EEOC Charge fails to support an ADEA claim.  Like Title VII and the ADA, the ADEA requires a plaintiff to file a lawsuit within 90 days of receiving a right-to-sue letter on a particular charge.  *Logan v. Cox Commc'ns Kan., LLC*, 407 F. App'x 305, 306 (10th Cir. 2011) (citing 29 U.S.C. § 626(e)).  Unlike Title VII and the ADA, however, filing within 90 days is not an exhaustion requirement, and so it is not a jurisdictional prerequisite.  *See id.* Rather, exhaustion under the ADEA requires plaintiff to prove only that she filed a charge of discrimination and waited 60 days after filing it to file a lawsuit based on discrimination alleged in the charge.  *Hodge*, 157 F.3d at 167-68.  The EEOC issued a right-to-sue letter on plaintiff's 2011 charge on March 22, 2011.  By filing this lawsuit in 2014, she waited well over the required 60 days and therefore satisfied the ADEA exhaustion requirements.

Still, as discussed above, plaintiff's ADEA claims fail because she did not file this lawsuit within 90 days of receiving the right-to-sue letter on the 2011 EEOC Charge. "If a claimant fails to file within this provided period, the action is barred subject to the doctrines of waiver, estoppel, and equitable tolling." *Logan*, 407 F. App'x at 306. Plaintiff never argues that any of those doctrines apply, so plaintiff's ADEA claims against Walmart based on the 2011 EEOC Charge are barred.

### IV. Conclusion

For these reasons, the Court grants defendant International Paper's and defendant Walmart's motions to dismiss. Plaintiff has failed to prove by a preponderance of the evidence that she has exhausted her administrative remedies on her claims against defendants International Paper and KC Bindery; therefore, the Court lacks subject matter jurisdiction over plaintiff's claims against those defendants. Similarly, plaintiff has failed to show that she exhausted her Title VII and ADA remedies on her claims against defendant Walmart, so the Court lacks subject matter jurisdiction over these claims as well. Finally, and though plaintiff exhausted the administrative remedies on her ADEA claim in the 2011 EEOC Charge, her claims based on this charge are time barred. Because plaintiff has failed to show that she exhausted her administrative remedies or otherwise state a claim against any of the defendants, the Court dismisses this lawsuit in its entirety without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant International Paper's Motion to Dismiss (Doc. 11) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant Walmart's Motion to Dismiss (Doc. 12) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's Complaint against defendants International Paper, Walmart, and KC Bindery is dismissed in its entirety without prejudice.

**IT IS SO ORDERED.**

**Dated this 2nd day of April, 2015, at Topeka, Kansas.**

                                                          **s/ Daniel D. Crabtree**
                                                          **Daniel D. Crabtree**
                                                          **United States District Judge**